**D. E. GUTHRIE, Appellant,**

v.

**Delbert D. FLOCK, Appellee.**

**No. 7176.**

Court of Civil Appeals of Texas.

Amarillo.

Sept. 17, 1962.

---

Sanders, Scott, Saunders, Brian & Humphrey, Amarillo, Tabor Scott, Amarillo, of counsel, for appellant.

Harris E. Lofthus, Amarillo, for appellee.

CHAPMAN, Justice.

This appeal is based exclusively upon a contention that it was reversible error for the trial court to allow one hundred fifty dollars ($150) as an attorney fee in a one hundred dollar ($100) recovery in a suit based upon Article 2226, Vernon's Ann.Tex. St.

Delbert Flock contracted with D. E. Guthrie to build a one-half mile stretch of fence on the latter's land. The defendant refused to pay the demands for the construction. An attorney of the Amarillo Bar was employed to file suit for recovery. The amount alleged to be due was five hundred ninety one dollars and fifty cents ($591.50). Two hundred dollars ($200) was paid voluntarily on the bill and the remainder was refused.

Neither the defendant nor his counsel, for some unexplained reason, appeared upon the day the case was set for trial. Judgment was awarded to plaintiff but later set aside on motion of defendant. The case was then set again for a trial two days later, at which time two hours and thirty minutes was consumed in the trial.

The record shows an attempt was made to create an involuntary lien on the tract of land where the fence was constructed, but counsel had a faulty description. Thus, the suit without the effort toward the lien could have been filed in county court instead of district court.

The only witness who testified as to what would have been a fair attorney's fee for a straight suit filed in the county court said one hundred twenty five dollars ($125) would have been fair. The record indicates the witness was not advised of the failure of counsel for plaintiff to join the laborers in the suit who assisted plaintiff in the construction of the fence, which failure materially reduced the amount of recovery. On the basis of the suit in district court with the labor lien involved, the attorney said a fair fee would have been three hundred fifty dollars ($350). The mistake in the effort to establish the lien was of course also that of plaintiff's counsel.

It is our belief that the quality of the services performed should be considered along with the amount of recovery, the amount of time required, and the amount involved. The trial court found that the failure to join the laborers who assisted in the construction reduced the amount of recovery, saying in his findings, "The price quoted by plaintiff for his labor and the use of his equipment was a reasonable price, laying aside the extra expense of hiring help in the person of two laborers."

Under this state of the record, we believe the attorney's fee of one hundred fifty dollars ($150) for a one hundred dollar ($100) recovery, taking into consideration the conditions above related, was excessive for the services rendered. From the record before us, we believe seventy five dollars ($75) would be a fair fee for the services rendered.

Accordingly, the judgment of the trial court is reversed and remanded unless within fourteen days from the date of this opinion, counsel files a remittitur in the amount of seventy five dollars ($75). In the event such remittitur is filed, the judgment of the trial court will be reformed to conform with the above conclusion and as reformed affirmed.