**ELIZABETH–PERKINS, INC., d/b/a Bettes, Appellant,**

v.

**MORGAN EXPRESS, INC., Appellee.**

No. 19157.

Court of Civil Appeals of Texas, Dallas.

June 1, 1977.

Rehearing Denied July 6, 1977.

Esir Tobolowsky, Dallas, for appellant.

Leonard E. Hoffman, III, Lyne, Klein, French & Womble, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a take-nothing judgment rendered in favor of Morgan Express, Inc., defendant, and against Elizabeth-Perkins, Inc., plaintiff, after a jury verdict. Plaintiff sued to recover the value of three dresses which were lost after being delivered to defendant for shipment. The jury found that the consignor knew of the limitation of liability, that the value of the dresses was $300, and that "none" was a reasonable attorney's fee. We hold that defendant's liability to the extent of $50 was established as a matter of law, and accordingly render judgment for that amount. We also hold that the jury's finding of "none" as a reasonable attorney's fee was against the great weight and preponderance of the evidence and, consequently, reverse and remand for a determination of attorney's fees.

Plaintiff, doing business as Bettes, a retail women's clothing store located in Dallas, shipped three dresses to Mrs. Ben Davis in Abilene. Mrs. Davis was a customer of Bettes who had previously purchased dresses which were shipped to her on approval. However, Mrs. Davis decided not to purchase these dresses and delivered a package containing the dresses to the Morgan Express office in Abilene for shipment back to Dallas. When plaintiff shipped the dresses to Abilene, it declared their value to be $600, and this value was noted on the waybill. Mrs. Davis did not, however, declare a value on the return shipment. This waybill, a copy of which was furnished to Mrs. Davis, contained a provision that the shipper's liability was limited to $50 unless a greater value was declared. Elizabeth-Perkins originally sued Morgan Express and Mrs. Davis, but dismissed the action against Mrs. Davis before trial. In spite of the jury's verdict, the trial court entered a take-nothing judgment against Elizabeth-Perkins, and it appeals.

### Plaintiff's Right to Recover

Elizabeth-Perkins contends that it is entitled to judgment on the verdict and, alternatively, that since Morgan Express lost the shipment, the shipper is liable as a matter of law for at least the sum of $50 which is the limited sum set forth in its tariff and that the trial court erred in refusing it judgment in that sum. We agree with plaintiff's alternative argument. Morgan Express admits that it received the shipment and lost it. Consequently, it is liable for the loss as a matter of law. It seeks to uphold the take-nothing judgment on the ground that the contract of carriage was made with Mrs. Davis rather than with Elizabeth-Perkins. We cannot agree. The consignee, especially one who is the true owner of the lost goods, is entitled to recover from the carrier. See *Missouri Pac. Ry. Co. v. Smith,* 84 Tex. 348, 19 S.W. 509, 510 (1892); *Curry Motor Freight Lines, Inc. v. Shell Oil Co.,* 497 S.W.2d 805, 806 (Tex.Civ. App.—Amarillo 1973, writ ref'd n.r.e.).

### Limitation of Defendant's Liability

We do agree, however, with the alternative contention of Morgan Express that its liability is limited to $50. Morgan Express is a common carrier subject to reg-

ulation of intrastate shipments by the Texas Railroad Commission. Its fees are set out in a tariff filed with the Railroad Commission under which it charges rates according to the distance shipped and the value of the shipment. The tariff provides that the shipment's declared value, to which liability is limited, is $50 unless a greater value is declared in writing pursuant to Tex.Rev.Civ.Stat.Ann., art. 883 (Vernon Supp.1976); declaration of a greater value requires an additional charge of twenty-five cents per one hundred dollar valuation.

In support of its primary contention that it is entitled to judgment on the verdict, Elizabeth-Perkins asserts that Tex.Bus. & Comm.Code Ann. § 7.309 (Vernon 1968) prevents Morgan Express from limiting its liability on this shipment to $50 because Mrs. Davis was not afforded an opportunity to declare a higher value, which would increase both the fee for shipment and the carrier's liability. Essentially, Elizabeth-Perkins interprets section 7.309 to require that, in order to rely on the limitation of liability, the carrier must prove that it expressly called the liability limitation provision to the shipper's attention. We cannot agree with this interpretation. Section 7.309(b) provides:

Damages may be limited by a provision that the carrier's liability shall not exceed a value stated in the document if the carrier's rates are dependent upon value and the consignor *by the carrier's tariff is afforded an opportunity to declare a higher value* or a value as lawfully provided in the tariff, *or where no tariff is filed he is otherwise advised of such opportunity*; . . . . [Emphasis added.]

Under this section, where a tariff has been filed, it is the tariff which must afford the shipper an opportunity to declare a higher value; only where no tariff is filed does the carrier have a duty to inform shippers of this opportunity by some other means. Since a tariff was filed and since the consignor, Mrs. Davis, did not declare a higher value in writing in the space provided on the waybill, we conclude that Morgan Express's liability was limited to $50 as a matter of law. Accordingly, we reverse

and render judgment in the amount of $50 for Elizabeth-Perkins.

### Attorney's Fees

Elizabeth-Perkins contends that the jury finding of "none" with respect to a reasonable attorney's fee is against the great weight and preponderance of the evidence. We agree. Elizabeth-Perkins's attorney testified concerning attorney's fees. He stated that he had been practicing in Dallas since 1932 and was familiar with reasonable attorneys' fees in the Dallas area. The judgment from which this appeal was taken was the second judgment rendered in this case. The first was a default judgment against Morgan Express, which was reversed by this court due to the lack of a statement of facts at the default-judgment hearing. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ. App.—Dallas 1975, writ ref'd). Elizabeth-Perkins's attorney testified that a reasonable fee for his services in obtaining a default judgment and defending it at a hearing on Morgan Express's motion for a new trial was $250 and that a reasonable fee for the appeal to this court, the motion for rehearing, and filing writ of error in the supreme court was $1,500. He then testified that he had expended thirty-five hours since the case was remanded and listed the matters on which the time was spent, including the preparation of an amended petition, requests for admissions, interrogatories, hearings, and one day in the trial of the cause. He did not, however, specifically break down the amount of time spent on each facet of the case. He stated that $50 an hour was a reasonable fee for preparation for trial and trial in the county court and that a reasonable fee for an appeal to the court of civil appeals would be $500 and another $500 if appealed to the supreme court. On cross-examination, Morgan Express's counsel elicited the fact that the default judgment had been reversed due to Elizabeth-Perkins's attorney's failure to have a court reporter present at the default hearing and that the proceedings after the remand would have been unnecessary if the default judgment had been upheld.

Although the jury was not bound to accept this testimony absolutely, it was not at liberty to reject it totally in finding "none" in answer to the question concerning reasonable attorney's fees. The only question presented to the jury with respect to attorney's fees was the reasonable value of these services in light of the circumstances; the jury was not asked whether attorney's fees should be awarded. To allow the jury's nonresponsive answer of "none" to determine whether attorney's fees are recoverable would be in contravention of Tex.Rev. Civ.Stat.Ann. art. 2226 (Vernon 1971). Thus, the trial court erred in accepting this finding and rendering judgment based on it.

▮ The only ground that might justify the jury's refusal to find any amount as a reasonable fee for plaintiff's attorney would be that in view of the limitation of liability, plaintiff could recover no more than $50. However, since there is no evidence that defendant tendered or offered to pay even that amount, the record indicates that the attorney's services were necessary for that recovery. We recognize that a substantial portion of the services rendered by the attorney were in connection with the default judgment and defendant's successful appeal from that judgment. Defendant cannot properly be charged with liability for a fee for those services, since they may be attributed to the attorney's failure to have a record made of the evidence at the default hearing. We recognize also that the ultimate amount of the recovery is a factor to be considered in fixing the amount of the fee. *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.); *Guthrie v. Flock,* 360 S.W.2d 804, 805 (Tex.Civ.App.— Amarillo 1962, no writ). Nevertheless, we conclude that the smallness of the amount recovered is not a ground for wholly denying any amount as an attorney's fee. Consequently, we hold that the jury's failure to find an amount is contrary to the great weight and preponderance of the evidence. *Fields v. Worsham,* 476 S.W.2d 421, 427 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r. e.); *Kost v. Lancaster,* 414 S.W.2d 514, 520 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.).

The judgment of the trial court is reversed and judgment is here rendered for plaintiff in the amount of $50. Plaintiff's claim for an attorney's fee is severed, and, with respect to that claim, the cause is remanded to the trial court for a determination of the amount of a reasonable fee.

Reversed and rendered in part and remanded in part.