ROBRAY OFFSHORE DRILLING CO., LTD., Appellant,

v.

Charles W. THOMAS, Appellee.

No. A14–87–373–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 26, 1988.
Rehearing Denied June 23, 1988.

Sam Dawkins, Jr., Houston, for appellant.

Dawn M. Miller, Jack Phillips, Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is a contract case. Robray Offshore Drilling Co., Ltd. [appellant or Robray], contracted in its agreement employing Charles W. Thomas [appellee or Thomas] to pay medical insurance benefits. Thomas was injured in Texas in an automobile accident while he was on leave from his job. Thomas sued for personal injury. Robray filed a suit in intervention to recover money it had paid for Thomas's medical expenses. Thomas filed a counterclaim on Robray's contract to pay medical expenses and disability benefits. The court severed the contract claim and tried it without a jury. The trial court rendered judgment on the contract for Thomas.

In its first two points of error, Robray claims the trial court should not have awarded attorney fees under TEX. CIV.PRAC. & REM.CODE ch. 38 (Vernon 1986). He argues (1) Thomas did not present his claim to Robray, and (2) insufficient evidence Thomas presented his claim. Section 38.002 states:

To recover attorney's fees under this chapter:

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX.CIV.PRAC. & REM.CODE § 38.002 (Vernon 1986). The statute requires no particular form of presentment. *France v. American Indem. Co.*, 648 S.W.2d 283, 286 (Tex.1983). Thomas testified he demanded payment of his medical expenses and disability payments. The trier of fact is the sole judge of the credibility of the witnesses and the weight of their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App. —Houston [1st Dist.] 1984, writ ref'd n.r. e.). In light of all the evidence in support of and contrary to the proposition that Thomas presented his claim, the evidence is not so weak as to make the award of attorney fees manifestly erroneous or unjust. *See In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The appellant's first two points are overruled.

In its third point, Robray contends the attorney's fees awarded to Thomas were excessive. Section 38.004 of the Texas Civil Practice and Remedies Code states that a trial court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file in a proceeding before the court without receiving further evidence. Nevertheless, Thomas did present expert testimony the fee sought and later awarded was the usual and customary fee. Section 38.003 creates a rebuttable presumption that the usual and customary attorney's fee for a claim under chapter 38 is reasonable. The appellant's only attempt to rebut the presump-

tion of reasonableness was its inquiry upon cross-examination about the number of hours spent in "preparing and filing the counterclaim."

Texas courts have recognized several factors relevant to deciding whether attorney's fees are reasonable. Some of these are the quality of representation, the amount of money recovered, the amount of time spent, and the amount in controversy. *Guthrie v. Flock*, 360 S.W.2d 804, 805 (Tex. Civ.App.—Amarillo 1962, no writ).[1] Robray apparently attempted to negate the presumption by evidence the appellees' counsel spent so little time on the counterclaim the fees were unreasonable.

Unfortunately, Robray never established the total amount of time attributable to the counterclaim. Therefore, it failed to present any evidence the total time spent was insufficient to justify the award of attorney's fees. Evidence was before the court that Thomas's attorneys had done more work that contributed to the counterclaim than merely (1) prepare and file the claim, and (2) participate in its severance and trial. Robray failed to elicit evidence explicitly delineating the portion of the time spent before severance that was properly attributable to the counterclaim. One court has held that in determining whether the fee awarded is reasonably related to the amount in controversy, the causes of action in a case can be "*so closely interwoven with the appellant's cause of action that no distinction in the prosecution and defense of the suit is necessary.*" *Houston Lighting and Power Co. v. Russo Properties, Inc.*, 710 S.W.2d 711, 714 (Tex. App.—Houston [1st Dist.] 1986, no writ) (emphasis in original) (citing, *inter alia, Republic Bank Dallas v. Shook*, 653 S.W. 2d 278, 282 (Tex.1983) (Pope, J.)). Similarly, until the contract claim was severed, the issues may have been so closely interwoven that no meaningful distinction was possible in attributing time spent to one cause of action or the other. Clearly, Thomas's counsel could not prosecute his counterclaim without overcoming some claims of his opponent or doing work that supported some of his other claims in the case. *Cf. Shook*, 653 S.W.2d at 282. Therefore, to rebut the presumption of reasonableness on the basis of time spent, Robray would have had to establish the total amount of time spent on the case that contributed to prosecution of the counterclaim. Robray simply failed to do this. Even if Robray had elicited some evidence of the total time spent on the counterclaim, rebutting the presumption, the trial court had sufficient facts to justify its explicit finding the fee was reasonable. Point of error number three is overruled.

1. One line of cases suggests the risk involved in a contingency contract was relevant to the reasonableness of attorney's fees under article 2226 of the Texas Revised Civil Statutes (the predecessor to TEX.CIV.PRAC. & REM.CODE ch. 38). See, e.g., *Cooper v. Wildman*, 528 S.W.2d 80, 85 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Flagg Realtors, Inc. v. Harvel*, 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.); *Wisznia v. Wilcox*, 438 S.W.2d 874, 879 (Tex.Civ. App.—Corpus Christi 1969, writ ref'd n.r.e.). This line of cases grew out of analogy to an old Texas Commission of Appeals case, *Southland Life Insurance Co. v. Norton*, 5 S.W.2d 767, 768 (Tex.Comm'n App.1928, opinion adopted). This case interpreted narrowly the attorney's fees provision of what is now article 3.62 of the Texas Insurance Code. In 1977, the legislature amended article 2226 to specifically make it inapplicable to insurance contracts that were subject to article 3.62. Act of April 25, 1977, ch. 76, § 1, 1977 Tex.Sess.Law Serv. 153 (Vernon). In 1979, the legislature added an admonition that "[t]his Act shall be liberally construed to promote its underlying purposes." Act of June 6, 1979, ch. 314, § 1, 1979 Tex.Sess.Law Serv. 718 (Vernon). Several appellate courts have since stated that contingency of a fee is relevant to a determination of reasonableness. E.g. *Texas Gen. Indem. Co. v. Speakman*, 736 S.W.2d 874, 885-86 (Tex.App.—Dallas 1987, no writ); *Landon v. Jean-Paul Budinger, Inc.*, 724 S.W.2d 931, 940 (Tex.App.—Austin 1987, no writ); *Morgan v. Morgan*, 657 S.W.2d 484 (Tex.App.— Houston [1st Dist] 1983, writ dism'd) (divorce case, contingent fee unlikely at issue). It appears the legislature may, indeed, have separated the standards of article 2226, now chapter 38 of the Texas Civil Practice & Remedies Code, from section 3.62 of the Texas Insurance Code, and broadened it to allow consideration of contingent arrangements in determining reasonableness of attorney fees. Nevertheless, we do not rely upon this factor. Although a contingent fee was involved in the present case, the trial court apparently decided the appellant never successfully rebutted the statutory presumption the fees were reasonable.

**914**

Robray claims in its fourth point of error the trial court could not award medical expenses incurred after it terminated Thomas's employment. Robray relies in its brief upon an interoffice memo explaining coverage to its employees. The memo stated the company would pay for "[a]ll medically prescribed and properly documented medical and hospitalization requirements during the term the work agreement is in effect." The appellant argues that by terminating an employee's contract it can avoid paying benefits for an accident that occurs while the contract is in effect. In construing a contract, Texas courts rely primarily upon the intentions of the parties as expressed in the instrument. *Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 382 (Tex.1985). According to the appellant's argument, an employee could become a paraplegic while the contract covered "all medical expenses," and Robray could avoid almost all liability by giving notice of termination. This is clearly not the intent behind the medical coverage provision in the contract. Texas courts construe contracts most strictly against their authors, and in a manner that reaches a reasonable result consistent with the apparent intent of the parties. *Temple–Eastex, Inc. v. Addison Bank,* 672 S.W.2d 793, 798 (Tex.1984). The apparent intent of the parties was that the contract cover illnesses and injuries that occur during the time of employment. To allow the construction Robray advocates would be fundamentally unjust. The fourth point is overruled. The judgment of the trial court is affirmed.