Affirmed and Memorandum Opinion filed April 16, 2009








Affirmed and Memorandum Opinion filed April 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00033-CV

____________

 

RICHARD CANO, Appellant

 

V.

 

NINO=S PAINT & BODY SHOP AND JERRY
NINO, Appellees

 



 

On Appeal from the County
Court at Law No. 2

Galveston County, Texas

Trial Court Cause No. 53,533

 



 

M E M O R A N D U M   O P I N I O N








Appellant Richard Cano appeals from a judgment in favor of
appellees Nino=s Paint and Body Shop (ANino=s@) and Jerry Nino
following a jury trial.  Cano contends that the trial court erred by (1)
admitting testimony and documentary evidence offered by Nino that was not
produced in response to discovery requests; (2) admitting into evidence
documents offered by Nino under the business records exception to the hearsay
rule; (3) submitting to the jury an instruction to exclude damages to Cano
caused by a third party in calculating any damages awarded to Cano; and (4) presenting to the jury a
question regarding the amount of attorneys= fees to which Nino was entitled.  We affirm.

Background

Richard Cano purchased a Lancair 4-P airplane kit in 2001. 
By November 2004, Cano had assembled the airplane and test flights and
certification had been performed.  Cano asked Jerry Nino shortly thereafter to
paint the airplane, having used Nino=s services before
to paint his automobiles.

Cano and Nino entered into an oral contract in November
2004 for Nino to paint the airplane.  Painting the airplane required it to be
disassembled and delivered to Nino in parts.  Cano disassembled the airplane
and delivered its parts to Nino on two separate occasions in December 2004; the
fuselage was delivered at some point between December 2004 and February 2005.

Nino finished painting the disassembled parts by the second
week of April 2005, after which the parts were returned to Cano=s hangar at
Galveston Municipal Airport.  The fuselage was moved to the paint booth on
April 10, 2005.

Cano requested a custom paint job that included three colors
of striping on the fuselage.  By April 29, 2005, Cano and Nino noticed that the
colored paints were not adhering properly to the pearl white paint coat on the
fuselage.  Cano and Nino met with representatives of the paint retailer and
manufacturer, who determined that the paint was defective and needed to be
removed.  Nino removed much of the defective paint during the first two weeks
of May 2005.








When Nino had not completed painting the fuselage by
September 6, 2005, Cano applied for a temporary restraining order and temporary
injunction to reclaim possession of the fuselage.  Cano also filed an original
petition on September 6, 2005 seeking damages from Nino for breach of contract
stemming from Nino=s failure to finish painting the airplane
within one month; Nino disputed that such a time frame was ever agreed upon. 
The court signed a temporary restraining order on September 12, 2005 and a
temporary injunction on September 30, 2005 requiring Nino to relinquish
possession of the fuselage to Cano.

Nino filed his first amended original answer on November
22, 2006.  Nino also filed a counterclaim against Cano for breach of contract
and quantum meruit stemming from Cano=s failure to pay
Nino for the painting services performed on Cano=s airplane.  Nino
attached five documents entitled AGarage Repair
Order@ to his pleading
and labeled them as AExhibit A@ to his
counterclaim.  The first of these documents was a billing invoice listing the
hours spent painting Cano=s airplane and the total cost for the
labor, materials, contract artist, and taxes for Nino=s work.  The
remaining four documents were billing invoices for materials used to work on
the airplane.

Cano sent Nino interrogatories and requests for production
on February 13, 2007.  Nino never responded.  Cano filed a motion on September
24, 2007 requesting that Nino Abe prohibited from introducing any
evidence, documentary or testimony, that was not included in responses to
Plaintiff=s interrogatories and requests for production.@  The trial court
granted this motion on September 24, 2007.

During trial, Nino attempted to testify about and offer
into evidence Defendant=s Exhibits 2, 25, 26, 27, and 28.  These
exhibits corresponded to the five documents that comprised AExhibit A@ attached to his
counterclaim.  Cano objected, citing the September 24, 2007 motion.  The trial
court revisited its ruling on Cano=s motion and
allowed Nino to testify regarding the documents, but restricted the scope of
his testimony to information appearing on the face of the documents.








When Nino again offered Defendant=s Exhibits 2, 25,
26, 27, and 28 into evidence, Cano objected to them as hearsay.  Nino argued
that the documents were admissible under the business records exception.  See
Tex. R. Evid. 803(6).  The trial court agreed and admitted the documents over
Cano=s objection.

On October 2, 2007, the jury found in favor of Nino on (1)
Cano=s breach of
contract claim; and (2) Nino=s counterclaim for breach of contract. 
The jury awarded Nino $24,354.22 in contract damages and $5,760.00 in attorneys= fees.  The trial
court signed a final judgment in conformity with the jury=s verdict on
November 28, 2007.  Cano appeals from this judgment.

Analysis

I.        Admission
of Documents Not Produced in Discovery

Cano asserts that the trial court erred by admitting five
documents offered by Nino that were attached as an exhibit to Nino=s first amended
answer and counterclaim but were not produced in response to Cano=s discovery
requests.  Cano further asserts that the trial court erred by allowing Nino to
testify about these five documents.

We
review a trial court=s evidentiary rulings for abuse of discretion.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 906 (Tex. 2000).  A trial court
abuses its discretion when it rules without regard for any guiding rules or
principles.  Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43
(Tex. 1998).  We must uphold a trial court=s evidentiary ruling if there is any
legitimate basis for the ruling.  Id.








Generally, a party who fails to make, amend, or supplement
a discovery response in a timely manner may not offer at trial information that
was not timely disclosed, or offer the testimony of a non-party witness who was
not timely identified.  Tex. R. Civ. P. 193.6(a).  The rule is mandatory and
exclusion of the evidence is automatic Aabsent a showing
of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice.@  Lopez v. La
Madeleine, 200 S.W.3d 854, 860 (Tex. App.CDallas 2006, no
pet.) (citing Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex.
1992)).  The burden of establishing good cause, lack of unfair surprise, or
lack of unfair prejudice is on the offering party, and such a finding must be
supported by the record.  See id.; Tex. R. Civ. P. 193.6(b).  We
conclude that lack of unfair surprise on this record supports the trial court=s decision.

The circumstances here parallel Williams v. County of
Dallas, 194 S.W.3d 29 (Tex. App.CDallas 2006, pet.
denied).  The defendant in Williams was sued for collection of
delinquent ad valorem taxes for 1991 through 1999.  Id. at 31.  The
plaintiff attached to its petition a tax statement detailing the amounts due
from 1991 through 1999 and stating that the suit sought Aall delinquent
taxes owed on th[e] property, whether or not itemized herein for all years.@  Id. at
33.  The plaintiff offered at trial a tax statement detailing the amounts due
from 1991 through 2003.  Id. at 32.  The plaintiff never disclosed this
exhibit in response to the defendant=s discovery
requests.  Id. at 33.

The defendant objected to the offer of the tax statement
under Rule 193.6(a).  Id. at 32.  The trial court overruled her
objection because a tax statement for the years 1991 through 1999 was attached
to the petition, and the pleadings explicitly covered any taxes that became
delinquent after the lawsuit was filed.  Id. at 32-33.  The court of
appeals affirmed; it agreed that the pleadings and attachment provided notice
that the collectors sought recovery of all unpaid taxes, and concluded that the
trial court had a legitimate basis for admission of the tax statement covering
the years from 1991-2003.  Id. at 33.

Here, as in Williams, Cano complains that Rule
193.6(a) foreclosed admission of Defendant=s Exhibits 2, 25,
26, 27, and 28 because Nino did not produce them in response to Cano=s discovery
requests.  It is undisputed that Nino failed to produce the exhibits in
response to Cano=s requests.  It also is undisputed that
the exhibits were attached to Nino=s first amended
answer and counterclaim filed with the court and sent to Cano on November 22,
2006 _ 10 months before
trial.








Under the circumstances of this case, we conclude that lack
of unfair surprise provided a permissible basis to admit Defendant=s Exhibits 2, 25,
26, 27, and 28 into evidence.  See Malone, 972 S.W.2d at 43; Williams, 194 S.W.3d at 33.  Nino established that the
documents at issue were in Cano=s possession for at least 10 months before trial, thereby
negating any unfair surprise.  Accordingly, the trial court did not abuse its
discretion by admitting the exhibits.  See Auld, 34 S.W.3d at 906; Williams, 194 S.W.3d at
33.

With regard to Nino=s testimony, Rule
193.6(a) allows testimony by a party who is an individual when his identity is
certain and when his personal knowledge of relevant facts has been communicated
to the opposing party through pleadings, even when that party fails to list
himself as a potential witness in response to discovery requests.  Smith v.
Sw. Feed Yards, 835 S.W.2d 89, 91 (Tex. 1992) (discussing Rule 215(5),
predecessor to Rule 193.6(a)); see also Christian v. Christian, No.
14-99-00312-CV, 2001 WL 543685, at *2 (Tex. App.CHouston [14th
Dist.] May 24, 2001, no pet.) (not designated for publication).  Where a
witness=s identity is
certain, the issue becomes whether his testimony should be limited because of
an inadequate discovery response.  See Clark Equip. Co. v. Pitner, 923
S.W.2d 117, 122 (Tex. App.CHouston [14th Dist.] 1996, writ denied).

Cano knew of Nino=s identity and his
knowledge of relevant facts regarding Defendant=s Exhibits 2, 25,
26, 27, and 28 by virtue of Nino=s pleadings.  The
trial court scrupulously limited Nino=s testimony about
these exhibits to the information found on the face of the exhibits.  Nino was
allowed to testify to the total number of labor hours listed on the face of
Defendant=s Exhibit 2, but he was not allowed to testify as to
the allotment of those hours to individual tasks such as sanding, priming, or
painting.  








Furthermore, to the extent that Cano insisted on excluding
testimony beyond the face of these exhibits, his objections were sustained.  See
Tex. R. App. P. 33.1.  On this record, we cannot say that the trial court
abused its discretion by allowing Nino to testify about Defendant=s Exhibits 2, 25,
26, 27, and 28 as limited to information on the face of those exhibits.  See
Smith, 835 S.W.2d at 91; Pitner, 923 S.W.2d at 122; see also
Christian, 2001 WL 543685, at *2.

Cano
also argues on appeal that he was unfairly prejudiced by Defendant=s Exhibits 2, 25, 26, 27, and 28 and
Nino=s related testimony because the
limitations placed on Nino=s testimony prevented Cano from properly cross-examining and
impeaching Nino regarding the contents of the exhibits.  We need not address
this argument because of our conclusion that Cano was not unfairly surprised by
admission of the exhibits.  See Malone, 972 S.W.2d at 43; Williams, 194 S.W.3d at 33.  In any event, Cano cannot
establish unfair prejudice on this record because he used his own testimony and
documents regarding the cost of materials and the number of hours expended by
Nino=s employees in rebuttal to challenge
the exhibits and Nino=s testimony regarding them.  Cano testified about (1) the
number of hours he and two other men spent completing the paint job after
reclaiming the airplane; (2) invoices and receipts for materials he purchased
and used in finishing the paint job; and (3) the daily diary Cano kept of labor
performed on the airplane by Nino and his employees.

We overrule Cano=s issue regarding
the trial court=s admission of testimony and documentary
evidence that was not produced in response to discovery requests.    

II.       Admission
of Exhibits as Business Records

Cano also asserts that the trial court erred by admitting
Defendant=s Exhibits 2, 25, 26, 27, and 28 under the business
records exception to the hearsay rule.  As noted above, we review a trial court=s evidentiary rulings for abuse of
discretion.  Auld, 34 S.W.3d at 906.  A trial court abuses its
discretion when it rules without regard for guiding rules or principles.  Malone,
972 S.W.2d at 43.








Hearsay is a statement, other than one made by the
declarant while testifying, offered in evidence to prove the truth of the
matter asserted.  Tex. R. Evid. 801(d).  Hearsay is not admissible unless it
meets an exception created by statute or under the Texas Rules of Evidence. 
Tex. R. Evid. 802.  Otherwise inadmissible hearsay may be admitted into
evidence if it meets the hearsay exception for business records.  See
Tex. R. Evid. 803(6).

The business records exception has four requirements: (1)
the records were made and kept in the course of a regularly conducted business
activity; (2) it was the regular practice of the business activity to make the
records; (3) the records were made at or near the time of the event that they
record; and (4) the records were made by a person with knowledge who was acting
in the regular course of business.  In re E.A.K., 192 S.W.3d 133, 141
(Tex. App.CHouston [14th Dist.] 2006, pet. denied).  These
requirements must be established by testimony from the custodian of the records
or another qualified witness.  Texmarc Conveyor Co. v. Arts, 857 S.W.2d
743, 748 (Tex. App.CHouston [14th Dist.] 1993, writ denied). 
Otherwise inadmissible hearsay must be shown to be reliable or trustworthy in
order to be admitted under the business records exception.  See Garcia v.
Dutcher Phipps Crane & Rigging Co., No. 08-00-00387-CV, 2002 WL 467932,
at *1 (Tex. App.CEl Paso Mar. 28, 2002, pet. denied) (not
designated for publication); see also Martinez v. Midland Credit Mgmt., Inc.,
250 S.W.3d 481, 485 (Tex. App.CEl Paso 2008, no pet.).

According to Cano, Nino failed to establish that Defendant=s Exhibits 2, 25,
26, 27, and 28 were (1) made and kept in the course of a regularly conducted
business activity; (2) made at or near the time of the event that they
recorded; and (3) reliable and trustworthy.  Cano bases his complaints
on Nino=s testimony that
these exhibits were summaries of business records kept during the painting work
by Nino and his secretary, and were compiled two days after Cano filed suit.

We find McAllen State Bank v. Linbeck Constr. Corp.,
695 S.W.2d 10 (Tex. App.CCorpus Christi 1985, writ ref=d n.r.e.), and Curran
v. Unis, 711 S.W.2d 290 (Tex. App.CDallas 1986, no
writ), to be instructive regarding the admissibility of a summary of continuing
transactions.








In McAllen State Bank, the trial court admitted two
printed summaries of underlying labor and materials records for work performed
by a general contractor.  695 S.W.2d at 16.  The court of appeals held that the
summaries were themselves business records even though they constituted
summaries of underlying records of labor and materials used.  Id.  The
general superintendent for the general contractor identified the summaries and
testified regarding the charges therein.  Id.  The court concluded that
the summaries were admissible as business records so long as sufficient
testimony was provided regarding the predicate requirements for business
records.  Id. at 17.

In Curran, 26 years of tax returns for a partnership
were offered into evidence through testimony of the partnership=s two records
custodians.  711 S.W.2d at 292-93.  The opposing party objected to the
admissibility of the returns as business records, citing the failure to meet
the predicate requirements of a business record because the returns were annual
compilations of activity.  Id. at 293-94.  The custodians testified that
the returns were prepared from general ledger cards reflecting daily
bookkeeping entries of the partnership and compiled as annual summaries of the
partnership=s profitability.  Id. at 295.  The custodians
also testified that the returns were made in the regular course of business by
someone with personal knowledge, and that it was the partnership=s regular practice
to make the returns.  Id. at 294.

Based upon the custodians= testimony, the
court of appeals held that the proper predicate was laid and that the tax
returns were admissible as business records.  Id. at 295-96.  The court
also concluded that the returns were trustworthy and were not prepared for litigation
because the returns had an alternative purpose and incentive for being
maintained in primarily reporting the financial condition of the partnership.  Id.
at 295.








Applying the lessons of McAllen State Bank and Curran,
we conclude that the trial court acted within its discretion in admitting the
disputed documents into evidence.  With regard to Defendant=s Exhibit 2, Nino
testified that (1) the exhibit was maintained in the regular and ordinary
course of his business; (2) the exhibit was kept in the course of regularly
conducted business activity; (3) the exhibit was completed or created at the
time at which the events contained within it were occurring; and (4) he had
personal knowledge of the facts contained within the document.  Nino also
testified that he was the custodian for Defendant=s Exhibit 2, and
that the exhibit truly and accurately reflected the information or events
contained therein.

Over the course of multiple voir dire examinations, Nino
testified that Defendant=s Exhibit 2 was a compilation of events
occurring over the period of time during which Cano=s airplane was being
painted, and that he did not compile the events and complete the exhibit  until
September 8, 2005 because he was not yet finished painting the airplane.  Nino
also testified that any notation on Defendant=s Exhibit 2 that
was not recorded by him was recorded by his secretary at his direction.  Nino
testified that the purpose of the exhibit was to obtain authority for the work
requested and to prepare the bill for Cano.

On this record, we cannot say that the trial court abused
its discretion in admitting Defendant=s Exhibit 2 under
the business records exception to the hearsay rule.  See Curran, 711
S.W.2d at 292-96; McAllen State Bank, 695 S.W.2d at 16-17.

With regard to Defendant=s Exhibits 25-28,
Nino testified that the exhibits (1) were kept in the ordinary course of his
business; (2) were maintained as a part of his business records; (3) were
continuously updated at or near the time supplies were purchased to reflect new
supplies purchased for performing the work on Cano=s airplane until
September 8; and (4) were prepared by Nino and his secretary based on true and
correct information provided by Nino.  Nino also testified that he was the
custodian for Defendant=s Exhibits 25-28, and that similar records
are kept by him for every customer of Nino=s.

On this record, we cannot say that the trial court abused
its discretion in admitting Defendant=s Exhibits 25-28
under the business records exception to the hearsay rule.  See Curran,
711 S.W.2d at 292-96; McAllen State Bank, 695 S.W.2d at 16-17.








We overrule Cano=s issue regarding
the trial court=s admission of Defendant=s Exhibits 2, 25,
26, 27, and 28 under the business records exception to the hearsay rule.

III.      Jury
Instruction to Exclude Damages Caused by Third Party

Cano asserts that the trial court erred by instructing the
jury in Question No. 4 to exclude damages to Cano caused by a third party in
calculating damages owed by Nino for breach of contract.  Asserted charge error
is harmless if the jury=s answers to other questions render the
challenged question immaterial.  See City of Brownsville v. Alvarado,
897 S.W.2d 750, 752 (Tex. 1995).  A jury question is immaterial when its answer
cannot alter the effect of the verdict.  Id.

Question No. 4 was predicated on a Ayes@ answer to
Question No. 2 asking whether Nino breached the contract with Cano.  The jury
answered Ano@ to Question No. 2 and did not reach
Question No. 4.  Cano does not challenge the jury=s Ano@ answer to
Question No. 2 on appeal.  The jury=s unchallenged Ano@ answer to
Question No. 2 rendered Question No. 4 immaterial.  See id.  Therefore,
any asserted error in the instructions accompanying Question No. 4 was
harmless.  See id.

We overrule Cano=s issue regarding
the trial court=s jury instruction concerning Cano=s damages. 

IV.      Jury
Question on Nino=s Recovery of Attorneys= Fees

Cano asserts that the trial court erred by submitting
Question No. 9 to the jury regarding how much to award Nino for his attorneys= fees because Nino
failed to establish that he presented a claim for payment to Cano.








Whether a party is entitled to recover attorneys= fees is a
question of law for the court; the amount to be awarded is a question of fact for
the jury.  Holland v. Wal-Mart Stores, 1 S.W.3d 91, 94 (Tex. 1999); Chudleigh
v. Papadopoulos, No. 14-01-00088-CV, 2002 WL 576092, at *4 (Tex. App.CHouston [14th
Dist.] Apr. 18, 2002, pet. denied) (not designated for publication).

A party who prevails on a breach of contract claim is
entitled to recover attorneys= fees for prosecution of the claim.  Tex.
Civ. Prac. & Rem. Code Ann. _ 38.001 (Vernon 2008).  To recover
attorneys= fees, a claimant first must present the claim to the
opposing party or his agent.  Id. _ 38.002(2) (Vernon 2008).  The
statute is to be generously construed to promote its underlying purpose.  Id.
_ 38.005 (Vernon
2008); Chudleigh, 2002 WL 576092, at *5.

Presentment may be made either before or after filing suit,
provided it is made at least 30 days before judgment.  Chudleigh, 2002
WL 576092, at *5.  In a breach of contract case, presentment is established
when a party presents the contract claim to the opposing party and that party
fails to tender performance.  Id.  The purpose of presentment is to
allow the party against whom the claim is asserted a reasonable opportunity to
pay a claim without incurring an obligation for attorneys= fees.  Brainard
v. Trinity Universal Ins. Co., 216 S.W.3d 809, 818 (Tex. 2006).  No
particular form of presentment is required; all that is necessary is that a
claimant show that a claim for payment was made to the opposing party and that the
opposing party refused to pay the claim.  Quality Infusion Care, Inc. v.
Health Care Serv. Corp., 224 S.W.3d 369, 387 (Tex. App.CHouston [1st
Dist.] 2006, no pet.).  

Nino and Cano both testified that Cano had not paid Nino
for the labor or supplies used in painting Cano=s airplane. 
During direct examination, Nino was asked whether he requested payment from
Cano for the expenses shown on Defendant=s Exhibit 2; Nino
testified that he had, and that Cano responded by filing suit against him for
breach of contract.








Construing section 38.002 generously, we cannot say on this
record that the trial court erred in concluding that presentment had been
satisfied so as to allow recovery of attorneys= fees.  See
Chudleigh, 2002 WL 576092, at *4-*6; see also Criton Corp. v. Highlands
Ins. Co., 809 S.W.2d 355, 358 (Tex. App.CHouston [14th
Dist.] 1991, writ denied) (general contractor=s president=s testimony that
he telephoned subcontractor=s president and requested full performance
and that this request was refused established presentment); Robray Offshore
Drilling Co. v. Thomas, 751 S.W.2d 911, 912 (Tex. App.CHouston [14th
Dist.] 1988, no writ) (claimant=s testimony that he demanded payment of
his medical expenses and disability payments which were indisputably not paid
established presentment).

We overrule Cano=s issue regarding
the trial court=s submission to the jury of Question No. 9
regarding the amount of attorneys= fees to which
Nino was entitled.

 

Conclusion

The trial court=s judgment is
affirmed.

 

 

 

 

 

/s/      William J. Boyce

Justice

 

 

 

 

Panel consists of
Justices Frost, Brown, and Boyce.