**AL–NAYEM INTERNATIONAL TRADING, INC., Appellant,**

v.

**IRVING INDEPENDENT SCHOOL DISTRICT and City of Irving, Texas, Appellees.**

No. 05–04–00125–CV.

Court of Appeals of Texas, Dallas.

March 14, 2005.

Rehearing Overruled April 18, 2005.

Jules P. Slim, Irving, for appellant.

Tally F. Parker, Parker & Marks, Todd Wyatt Deatherage, James W. Deatherage, Jim Deatherage & Associates, PC, Irving, Shelia Fuqua Carter, Linebarger Goggan Blair & Sampson, LLP, Dallas, for appellees.

Before Justices WHITTINGTON, BRIDGES, and FRANCIS.

## OPINION ON REHEARING

Opinion By Justice FRANCIS.

Before us is appellant's motion for rehearing. We grant the motion for rehearing. We withdraw the opinion of November 1, 2004 and vacate the judgment issued on the same date. The following is now the opinion of the court.

Dallas County brought suit against Al-Nayem International Trading, Inc. to recover delinquent property taxes on two tracts of land. Irving Independent School District (IISD) and the City of Irving in-tervened in the lawsuit seeking taxes owed to them. After a trial before the court, judgment was rendered against appellant and in favor of all three taxing authorities. Appellant challenges the judgment with respect to IISD and Irving only.

In two issues, appellant contends the trial court erred in admitting into evidence the tax statements offered by appellees because they were not properly authenticated. Appellant maintains there is no evidence to support the judgment rendered in favor of appellees because the only evidence offered by appellees was the inadmissible tax statements. After reviewing the record, we find merit in appellant's contentions and reverse and render judgment that IISD and Irving take nothing on their claims against appellant.

■ We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex.1998). We cannot conclude the trial court erred if there is any legitimate basis for the ruling. *Id.* Even if we conclude the ruling is erroneous, we will not reverse unless it is shown that the error probably caused the rendition of an improper judgment. *Id.*

IISD's offered tax statements into evidence that were admitted by the trial court as IISD's exhibit 1. The exhibit contained a notarized affidavit page signed by Lisa Freeman as IISD tax assessor-collector. Freeman certified the attached tax statements were true and correct copies of the delinquent property tax statements for the properties in question and that they accurately reflected the amount due and owing to IISD. Each of the two tax statements attached to the affidavit contained a certification by Freeman as IISD tax collector that the statement was a true and correct copy of the original record from the IISD

tax roll now in the custody of the IISD tax assessor-collector office.

Appellant objected to IISD's exhibit 1 on the basis that it was not properly authenticated because it was not a record under seal and not signed by someone authorized within the political subdivision under seal who could attest to the signator's authority. The trial court overruled appellant's objection on the basis that it was a certified public record.

Rule 902(4) of the Texas Rules of Evidence identifies the following certified public records as self-authenticating:

> A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraphs (1)(2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

Tex.R. Evid. 902(4).

Rule 902(1) requires the document to bear the seal of a public entity and a signature purporting to be an attestation or execution. Rule 902(2) addresses public documents without a seal and provides that any signature of an employee or officer of the public entity must be certified under seal by a public officer having a seal and having official duties in the signer's district or political subdivision verifying the genuineness and official capacity of the signer. Rule 902(3) specifies the requirements for self-authenticating foreign public documents.

Because the IISD tax statements did not bear a seal or contain a certification under seal from a public officer, the tax statements were not self-authenticating as cer-

tified public records under rule 902(4). See *Fullick v. City of Baytown*, 820 S.W.2d 943, 945 (Tex.App.-Houston [1st Dist.] 1991 no pet.).

The tax statements admitted as Irving's exhibit 1 contain the same deficiency as those offered by IISD. Irving's tax statements were not under seal and did not contain a certification under seal as required for self-authentication under Rule 902(4). Because the tax records of IISD and Irving were not properly authenticated under rule 902(4), the trial court erred in admitting them into evidence. Without the tax statements, there is no evidence to support the trial court's judgment in their favor. We resolve appellant's first and second issues in his favor.

We reverse the trial court's judgment in favor of both IISD and Irving, concluding the tax statements comprising the sole evidence supporting their claims were not properly authenticated. We render judgment that IISD and Irving take nothing on their claims against appellant.