**Paula E. WILLIAMS, Appellant,**

**v.**

**The COUNTY OF DALLAS, in its Own Behalf and in Behalf of Other Political Subdivisions Whose Taxes are Collected by the Dallas County Tax Collector, the Dallas County School Equalization Fund, the Dallas County Community College District, and the Parkland Hospital District; and the City of Dallas, in its Own Behalf and**

in Behalf of Other Political Subdivisions Whose Taxes are Collected by the City of Dallas Tax Collector, the Dallas Independent School District, and the Dallas County Education District, Appellees.

No. 05–05–00376–CV.

Court of Appeals of Texas, Dallas.

May 3, 2006.

Rehearing Overruled June 28, 2006.

Richard B. Tanner, Richardson, for appellant.

Edward Lopez, Jr., Charles Adren Caldwell, Linebarger Goggan Blair Sampson, LLP, Dallas, for appellees.

Before Justices MOSELEY, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

We deny appellant's motion for rehearing. On our own motion, we withdraw our opinion of March 29, 2006 and vacate our judgment of that date. This is now the opinion of the Court. This lawsuit was filed against Paula E. Williams to collect delinquent ad valorem taxes for the years 1991 through 1999. The parties bringing the lawsuit are the County of Dallas, on its own behalf and on behalf of other political subdivisions whose taxes are collected by the Dallas County Tax Collector, the Dallas County School Equalization Fund, the Dallas County Community College District, and the Parkland Hospital District; and the City of Dallas, on its own behalf and on behalf of other political subdivisions whose taxes are collected by the City of Dallas Tax Collector, the Dallas Independent School District, and the Dallas County Education District (the taxing units). Following a bench trial, the trial court ruled in favor of the taxing units. In three issues, Williams argues the trial court erred by admitting the delinquent tax statement in evidence and the evidence is legally insufficient to support the judgment.[1] For the reasons that follow, we affirm.

### RULING ON ADMISSIBILITY OF TAX STATEMENT

#### Standard of Review

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998); *Al–Nayem Int'l Trading, Inc. v. Irving Indep. Sch. Dist.*, 159 S.W.3d 762, 763 (Tex.App.-Dallas 2005, no pet.). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *See Downer v. appeal.*

---

1. The taxing units did not file a brief on appeal.

*Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). In other words, we must determine whether the trial court's action was arbitrary or unreasonable. *See id.* at 242. We will uphold the trial court's ruling if there is any legitimate basis for the ruling. *Malone*, 972 S.W.2d at 43; *Al–Nayem*, 159 S.W.3d at 763.

## Analysis

In issues one and two, Williams complains the trial court erred in admitting the delinquent tax statement over her objections. She asserts the evidence was inadmissible because (1) the taxing units did not timely disclose the tax statement in response to her request for disclosure, and (2) the tax statement was not properly certified. We first address Williams' second issue that the document was not properly certified.

▇ In that issue, Williams complains the trial court should have excluded the tax statement because it was not properly certified as a public record and was not self-authenticating under rule 902(4) of the rules of evidence. Because Williams did not raise this objection at trial, she did not preserve error for our review on this issue. *See* Tex.R.App. P. 33.1. However, even if error was preserved, the tax statement contained a certification that it was a "true and correct photo copy of the original record of the Dallas County Certified Tax Roll now in the lawful custody and possession of the Dallas County Tax Department." It was signed by a Dallas County deputy tax assessor-collector and contained the county seal. We conclude the tax statement was properly certified. *See* Tex.R. Evid. 902(4). And the tax code provides that a certified copy of a taxing

unit's records showing the property, amount of tax and penalties imposed, and interest accrued constitutes prima facie evidence in the taxing unit's suit to collect delinquent taxes. *See* Tex. Tax Code Ann. § 33.47 (Vernon 2001). We overrule issue two.

In issue one, Williams argues the trial court should have excluded the tax statement because the taxing units did not timely disclose the tax statement in response to Williams' request for disclosure. Rule 193.6 governs the admission of evidence that was not timely disclosed in discovery. It provides that a party may not introduce in evidence material or information not timely disclosed unless the court finds (1) there was good cause for the failure to timely disclose, or (2) the failure to timely disclose will not unfairly surprise or unfairly prejudice the other party. Tex.R. Civ. P. 193.6(a). The burden to show good cause or lack of unfair surprise or unfair prejudice is on the party seeking to admit the evidence. Tex.R. Civ. P. 193.6(b). The trial court's finding must be supported by the record. Tex.R. Civ. P. 193.6(b).

▇ When Williams objected to the admission of the tax statement, the taxing units responded that the tax statement was attached to the petition. Williams argued she was surprised by the statement offered in evidence because the tax statement attached to the petition only sought taxes through 1999, but the tax statement offered at trial sought delinquent taxes through 2003.[2] The taxing units argued that, according to the tax code, all taxes that became delinquent after the tax suit was filed were automatically included in the suit. In overruling Williams' objec-

**2.** The tax statement attached to the petition sought $11,008.45 in delinquent taxes from 1991 through 1999. The tax statement offered at trial sought $29,731.46 in delinquent taxes from 1991 through 2003.

tions, the court admitted the tax statement because it was "a certified public record with the seal of the official on those records" and "the pleadings ... cover any taxes that become delinquent after [the lawsuit has] been filed."

It is not disputed that the taxing units did not disclose the tax statement in response to Williams' request for disclosure. However, it is clear Williams was given notice that the taxing units were attempting to collect all unpaid taxes assessed against the property, not just unpaid taxes through 1999. In their original petition, the taxing units described the property against which the taxes were assessed; stated they sought delinquent taxes, penalties, interest, and costs owed against the property; attached a copy of the taxes delinquent through 1999; and gave notice the lawsuit included all claims for taxes becoming delinquent on the property after the lawsuit was filed and up to the day of judgment. *See* TEX. TAX CODE ANN. § 33.42(a) (Vernon 2001) (taxing unit shall include all taxes due on property in suit to collect delinquent taxes); *Id.* § 33.42(b) (trial court shall include in judgment taxes that became delinquent after lawsuit filed). And the exhibit attached to the petition detailed the amounts due through 1999 and stated, "This suit covers all delinquent taxes owed on this property, whether or not itemized herein for all years." As a result, the pleadings provided notice that the taxing units sought recovery of all unpaid taxes.

We also note that Williams had the same access to public tax records as the taxing units. *See Barnett v. County of Dallas*, 175 S.W.3d 919, 924 (Tex.App.-Dallas 2005, no pet.) (court did not abuse discretion by denying motion to compel county to produce public record); *Graff v. Whittle*, 947 S.W.2d 629, 639 (Tex.App.-Texarkana 1997, writ denied) (public records not considered in possession of any party).

We conclude that lack of unfair surprise to Williams was a legitimate basis for the trial court to admit the delinquent tax statement in evidence. *See Malone*, 972 S.W.2d at 43; *Al–Nayem*, 159 S.W.3d at 763; *see also* TEX.R. CIV. P. 193.6(a)(2). Accordingly, the trial court did not abuse its discretion by admitting the evidence. We overrule issue one.

### SUFFICIENCY OF THE EVIDENCE

■ In issue three, Williams complains the evidence is legally insufficient to support the judgment because the tax statement should not have been admitted into evidence. We previously concluded the trial court did not abuse its discretion by admitting the tax statement. We overrule this subpart of issue three. Williams also complains the evidence is legally insufficient because, even if the tax statement was properly admitted, it does not refer to her as owing taxes on the property. She argues that because the tax statement offered in evidence shows the Estate of Chester F. Williams as the owner of the property, there is no evidence she owes any tax on the property. We interpret this issue as contending the taxing units did not prove she owned the property.

■ When the taxing units offered the tax statement in evidence, Williams did not object to the statement's admission on the basis that she did not own the property or that the taxing units sued the wrong party. *See Pete Dominguez Enters., Inc. v. County of Dallas*, 188 S.W.3d 385, 386–87 (Tex. App.-Dallas 2006, no pet. h.). Additionally, Williams did not plead or otherwise raise non-ownership of the property at trial. Although legal sufficiency of the evidence in a nonjury trial may be raised for the first time on appeal, *see* TEX.R.APP. P. 33.1(d), in a suit to collect delinquent taxes,

non-ownership of property is an affirmative defense that must be pleaded or it is waived. *See* Tex. Tax Code Ann. § 42.09(b) (Vernon 2001) (non-ownership of property is affirmative defense); Tex.R. Civ. P. 94 (affirmative defense must be pleaded); *see also In re S.A.P.,* 156 S.W.3d 574, 576 (Tex.2005) (affirmative defense waived if not pleaded); *Estates of Elkins v. County of Dallas,* 146 S.W.3d 826, 830 (Tex.App.-Dallas 2004, no pet.) (affirmative defense of non-ownership of property waived because not pleaded). Because Williams did not object to the admission of the tax statement based on non-ownership and did not plead non-ownership as an affirmative defense, she waived error for our review on this issue. Tex.R.App. P. 33.1; Tex.R. Civ. P. 94. We overrule Williams' issue three.

### CONCLUSION

Having overruled Williams' three issues, we affirm the judgment of the trial court.