Moses M. REAGANS, Jr., Appellant,

v.

COUNTY OF DALLAS, et al., Appellees.

No. 08–05–00043–CV.

Court of Appeals of Texas, El Paso.

Nov. 16, 2006.

Richard C. Jenkins, Dallas, for appellant.

Robert L. Jemerson Jr., Linebarger Goggan Blair Sampson LLP, Dallas, for appellees.

Before CHEW, C.J., McCLURE, J., and BARAJAS, C.J. (Retired).

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

In two issues, Moses M. Reagans, Jr.[1] challenges the judgment of the trial court

---

1. The suit was originally brought against the Reverend Moses Reagans. However, after his

granted in favor of Appellees the County of Dallas, et al. for delinquent property taxes. Specifically, Appellant challenges: (1) the trial court's admission of a "Property Tax Notice;" and (2) the legal and factual sufficiency of the evidence. We affirm.

In May 2003, the County of Dallas, Dallas County Tax Collector, Dallas County Community College District, Parkland Hospital District, City of Dallas, Dallas County School Equalization Fund, and Dallas Independent School District ("Appellees") filed suit against Appellant Moses M. Reagans, Jr. ("Appellant") for collection of delinquent property taxes for the years 2001 through 2003. At a bench trial held on December 1, 2004, Appellees introduced an affidavit and a certified "Property Tax Notice" showing the amount of taxes, penalties, and interest assessed against the property owned by Appellant.

Appellant objected to the document by submitting written objections to the trial court on grounds the exhibit offered by Appellees was hearsay with no applicable exception. The trial court overruled Appellant's objection stating the document was a "certified public record tax roll and has the seal of the officer." The trial court endorsed its ruling on Appellant's written objections and granted judgment in favor of Appellees for the delinquent taxes, penalties and interest, and foreclosed the tax lien on the property. Appellant timely filed his notice of appeal.

### Standard of Review

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex.1998); *see also Williams v. County of Dallas*, 194 S.W.3d 29, 31 (Tex.App.-Dallas

2006, pet. filed); *Al–Nayem Int'l Trading, Inc. v. Irving Indep. Sch. Dist.*, 159 S.W.3d 762, 763 (Tex.App.-Dallas 2005, no pet.)(Opin. on reh'g). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or put another way, whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). We will uphold the trial court's ruling if there is any legitimate basis for the ruling. *Malone*, 972 S.W.2d at 43.

In a non-jury trial where findings of fact or conclusions of law are not filed, we presume that the trial court made all the findings necessary to support its judgment. *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W.3d 1, 13 (Tex.App.-El Paso 2005, pet. denied), *citing Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). These implied findings may be challenged by legal or factual insufficiency points when a reporter's record is made a part of the appellate record. *Id.* The applicable standard of review is the same as that applied in the review of jury findings or a trial court's findings of fact. *Id.*

In Issue One, Appellant argues that the trial court erred in overruling his objection because exhibit one, the certified tax statement, is hearsay not subject to any exception. Specifically, Appellant argues that the document introduced by Appellees is not a tax record, is not a public record, and does not meet the requirements for a business record. Therefore, according to Appellant, his objection should have been sustained. We must disagree with the Appellant that the document entitled "Property Tax Notice" was not admissible under

death, the County of Dallas, et al. dismissed him from the suit and brought the action against his son, Moses M. Reagans, Jr.

TEX.TAX CODE ANN. § 33.47(a)(Vernon 2001).

■ In a suit to collect delinquent taxes, once the taxing unit introduces the current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued, such records establish a prima facie case as to every material fact necessary to establish its cause of action and a rebuttable presumption arises that the taxes are due, delinquent, and unpaid. *See* TEX.TAX CODE ANN. § 33.47(a); *National Medical Financial Services, Inc. v. Irving Independent School Dist.*, 150 S.W.3d 901, 906 (Tex. App.-Dallas 2004, no pet.).

■ Here, the "Property Tax Notice" contained a certification that it was a "true and correct photo copy of the original record of the Dallas County Certified Tax Roll now in the lawful custody and possession of the Dallas County Tax Department," was signed by the Dallas County deputy tax assessor-collector, bore the county seal, and was a properly certified document. *Williams v. County of Dallas*, 194 S.W.3d 29, 32 (Tex.App.-Dallas 2006, pet. filed). In addition, the "Property Tax Notice" included the name and address of the owner of the property, a legal description of the property, property value, tax account number, tax due for each year of delinquency, penalties and interest accrued, fees assessed, and the total amount of taxes due. Accordingly, the trial court did not abuse its discretion in admitting the "Property Tax Notice" as a tax record. *See* TEX.TAX CODE ANN. § 33.47(a). Issue One is overruled.

■ In Issue Two, Appellant argues the evidence is insufficient to support the judgment because the "Property Tax Notice" should not have been admitted into evidence.[2] In reviewing the legal sufficiency of the evidence, if there is more than a scintilla of evidence to support the trial court's finding, the claim is sufficient as a matter of law. *See Aldine Independent School Dist. v. Ogg*, 122 S.W.3d 257, 265 (Tex.App.-Houston [1st Dist.] 2003, no pet.). However, if the evidence offered to prove a vital fact is so weak that it does nothing more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id.* In conducting a no-evidence review, we view the evidence in a light that tends to support the trial court's findings and disregard all evidence and inferences to the contrary. *Id.* In reviewing the factual-sufficiency, we consider all of the evidence supporting and contradicting the trial court's findings and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id.* at 266.

Having found that the trial court did not abuse its discretion by admitting the "Property Tax Notice," we conclude there is more than a scintilla of evidence to support the trial court's judgment. *See Williams*, 194 S.W.3d at 33. As it relates to the factual sufficiency of the evidence, Appellant presented no contrary evidence. After a neutral review of the evidence in this case, we conclude that the trial court's judgment is not so contrary to the overwhelming weight of the evidence as to be

2. Appellant does not specify whether his challenge is directed toward the legal or factual sufficiency of the evidence. However, Appellant requests both that we reverse and render judgment in his favor, and alternatively, that we reverse and remand for a new trial. Ac-cordingly, we will treat Appellant's challenge as one to both the legal and factual sufficiency of the evidence. *See Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 59 (Tex.App.-El Paso 2000, no pet.).

clearly wrong and unjust. Issue Two is overruled.

Accordingly, we affirm the trial court's judgment.

BARAJAS, C.J. (Ret.), Sitting by assignment, not participating.