COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

MOSES M. REAGANS, JR.,                              )
) No. 08-05-00043-CV
                                    Appellant,                        )
) Appeal from the
v.                                                                          )
) 68th District Court
COUNTY OF DALLAS, et al.,                           )
) of Dallas County, Texas
                                    Appellees.                        )
) (TC# 03-31008-T-C)
)


O P I N I O N

            In two issues, Moses M. Regans, Jr.


 challenges the judgment of the trial court granted in
favor of Appellees the County of Dallas, et al. for delinquent property taxes. Specifically,
Appellant challenges: (1) the trial court’s admission of a “Property Tax Notice;” and (2) the
legal and factual sufficiency of the evidence. We affirm.
             In May 2003, the County of Dallas, Dallas County Tax Collector, Dallas County
Community College District, Parkland Hospital District, City of Dallas, Dallas County School
Equalization Fund, and Dallas Independent School District (“Appellees”) filed suit against
Appellant Moses M. Regans, Jr. (“Appellant”) for collection of delinquent property taxes for the
years 2001 through 2003. At a bench trial held on December 1, 2004, Appellees introduced an
affidavit and a certified “Property Tax Notice” showing the amount of taxes, penalties, and
interest assessed against the property owned by Appellant.
            Appellant objected to the document by submitting written objections to the trial court on
grounds the exhibit offered by Appellees was hearsay with no applicable exception. The trial
court overruled Appellant’s objection stating the document was a “certified public record tax roll
and has the seal of the officer.” The trial court endorsed its ruling on Appellant’s written
objections and granted judgment in favor of Appellees for the delinquent taxes, penalties and
interest, and foreclosed the tax lien on the property. Appellant timely filed his notice of appeal.
Standard of Review
            We review a trial court’s ruling on the admissibility of evidence for an abuse of
discretion. Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998); see also
Williams v. County of Dallas, 194 S.W.3d 29, 31 (Tex.App.--Dallas 2006, pet. filed); Al-Nayem
Int'l Trading, Inc. v. Irving Indep. Sch. Dist., 159 S.W.3d 762, 763 (Tex.App.--Dallas 2005, no
pet.)(Opin. on reh’g). The test for abuse of discretion is whether the trial court acted without
reference to any guiding rules or principles or put another way, whether the act was arbitrary and
unreasonable. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
We will uphold the trial court’s ruling if there is any legitimate basis for the ruling. Malone, 972
S.W.2d at 43.
            In a non-jury trial where findings of fact or conclusions of law are not filed, we presume
that the trial court made all the findings necessary to support its judgment. Marrs and Smith
Partnership v. D.K. Boyd Oil and Gas Co., Inc., --- S.W.3d ----, 2005 WL 3073794 *6
(Tex.App.--El Paso Nov. 17, 2005, pet. denied), citing Holt Atherton Industries, Inc. v. Heine,
835 S.W.2d 80, 83 (Tex. 1992). These implied findings may be challenged by legal or factual
insufficiency points when a reporter’s record is made a part of the appellate record. Id. The
applicable standard of review is the same as that applied in the review of jury findings or a trial
court’s findings of fact. Id.
            In Issue One, Appellant argues that the trial court erred in overruling his objection
because exhibit one, the certified tax statement, is hearsay not subject to any exception. 
Specifically, Appellant argues that the document introduced by Appellees is not a tax record, is
not a public record, and does not meet the requirements for a business record. Therefore,
according to Appellant, his objection should have been sustained. We must disagree with the
Appellant that the document entitled “Property Tax Notice” was not admissible under Tex.Tax
Code Ann. § 33.47(a)(Vernon 2001).
            In a suit to collect delinquent taxes, once the taxing unit introduces the current tax roll
and delinquent tax roll or certified copies of the entries showing the property and the amount of
the tax and penalties imposed and interest accrued, such records establish a prima facie case as to
every material fact necessary to establish its cause of action and a rebuttable presumption arises
that the taxes are due, delinquent, and unpaid. See Tex.Tax Code Ann. § 33.47(a); National
Medical Financial Services, Inc. v. Irving Independent School Dist., 150 S.W.3d 901, 906
(Tex.App.--Dallas 2004, no pet.).
            Here, the “Property Tax Notice” contained a certification that it was a “true and correct
photo copy of the original record of the Dallas County Certified Tax Roll now in the lawful
custody and possession of the Dallas County Tax Department,” was signed by the Dallas County
deputy tax assessor-collector, bore the county seal, and was a properly certified document. 
Williams v. County of Dallas, 194 S.W.3d 29, 32 (Tex.App.--Dallas 2006, pet. filed). In
addition, the “Property Tax Notice” included the name and address of the owner of the property,
a legal description of the property, property value, tax account number, tax due for each year of
delinquency, penalties and interest accrued, fees assessed, and the total amount of taxes due. 
Accordingly, the trial court did not abuse its discretion in admitting the “Property Tax Notice” as
a tax record. See Tex.Tax Code Ann. § 33.47(a). Issue One is overruled.
            In Issue Two, Appellant argues the evidence is insufficient to support the judgment
because the “Property Tax Notice” should not have been admitted into evidence.


 In reviewing
the legal sufficiency of the evidence, if there is more than a scintilla of evidence to support the
trial court’s finding, the claim is sufficient as a matter of law. See Aldine Independent School
Dist. v. Ogg, 122 S.W.3d 257, 265 (Tex.App.--Houston [1st Dist.] 2003, no pet.). However, if
the evidence offered to prove a vital fact is so weak that it does nothing more than create a mere
surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect,
is no evidence. Id. In conducting a no-evidence review, we view the evidence in a light that
tends to support the trial court’s findings and disregard all evidence and inferences to the
contrary. Id. In reviewing the factual-sufficiency, we consider all of the evidence supporting and
contradicting the trial court’s findings and set aside the judgment only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Id. at 266.
            Having found that the trial court did not abuse its discretion by admitting the “Property
Tax Notice,” we conclude there is more than a scintilla of evidence to support the trial court’s
judgment. See Williams, 194 S.W.3d at 33. As it relates to the factual sufficiency of the
evidence, Appellant presented no contrary evidence. After a neutral review of the evidence in
this case, we conclude that the trial court’s judgment is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Issue Two is overruled.
            Accordingly, we affirm the trial court’s judgment.


November 16, 2006
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), Sitting by assignment, not participating