ACCEPTED
06-15-00007-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 4:01:54 PM
DEBBIE AUTREY
CLERK

## No. 06-15-00007-CV

In the Court of Appeals for the
Sixth Judicial District of Texas
Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

8/11/2015 4:01:54 PM

DEBBIE AUTREY
Clerk

HYDROGEO, LLC AND FIRST BANK & TRUST EAST TEXAS
*Appellants*
AND
DEBERRY 3 OPERATING COMPANY, LLC,
*Appellants*

**v.**

QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER SABINE
WASTE DISPOSAL DISTRICT, AND WOOD COUNTY CENTRAL HOSPITAL DISTRICT,
*Appellees*

_____

On Appeal from the 402nd Judicial District Court
Wood County, Texas

_____

**HYDROGEO, LLC and FIRST BANK & TRUST EAST TEXAS' REPLY TO
QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER
SABINE WASTE DISPOSAL DISTRICT, AND WOOD COUNTY CENTRAL
HOSPITAL DISTRICTS' BRIEF**

_____

J. DON WESTBROOK
Texas Bar No. 21215500
**COGHLAN CROWSON, LLP**
1127 Judson Road, Suite 211
Longview, Texas 75601
(903) 758-5543
(903) 753-6989 (fax)
dwestbrook@ccfww.com
*Attorneys for Hydrogeo, LLC and
First Bank & Trust East Texas*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

**Page**

INDEX OF AUTHORITIES.................................................................iii

SUMMARY OF REPLY ................................................................. 1

ARGUMENT AND AUTHORITIES ............................................. 3

    A. Issue No. 1 ................................................................... 3

    B. Issue No. 2 ................................................................... 9

GOOD CAUSE DOES NOT EXIST .................................................. 7

COURT'S ERROR CAUSED IMPROPER JUDGMENT ............................ 8

TAXES WERE ASSESSED ON BOTH REAL AND PERSONAL
PROPERTY ................................................................................. 9

CONCLUSION ................................................................................. 12

PRAYER ...................................................................................... 12

CERTIFICATE OF COMPLIANCE ................................................ 13

CERTIFICATE OF SERVICE ........................................................ 14

INDEX OF APPENDICES ............................................................. 15

# INDEX OF AUTHORITIES

**Cases**                                                                                   **Page**

*Williams vs. County of Dallas* 194 S.W.3d 29
(Tex. App.—Dallas 2006 pet den'd) ............................................... 4, 5

*Lopez vs. La Madeleine of Texas, Inc.,* 200 S.W.3d. 854
(Tex App. —Dallas 2006, no pet.) ....................................................... 6

*Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911
(Tex. 1992) ........................................................................................ 7,  8

*Perry Homes v. Cull*, 258 S.W. 3d 580
(Tex. 2008) ............................................................................................ 8


**Other**                                                                                   **Page**


TEX. R. CIV. P. 193.6.........................................................................1-3, 6-8

TEX. R. CIV. P. 193.1............................................................................... 4

TEX. R. CIV. P. 193.6 (b) ........................................................................ 4

Rule 44.4, Tex. R. App. P. ....................................................................... 8

Tex. Tax Code Ann. § 33.47(a) (Vernon 1992) ...................................... 8

Texas Attorney General Opinion No. DM-438, May 2, 1997 ..................... 10

Tex. Tax Code Ann. § 33.05 (Vernon 1992) ............................................ 10

Tex. Tax Code Ann. § 32.03 (Vernon 1992) ............................................ 11

## SUMMARY OF REPLY

In Reply to Appellee QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER SABINE WASTE DISPOSAL DISTRICT, AND WOOD COUNTY CENTRAL HOSPITAL DISTRICT (hereinafter referred to as either "Appellees" or "Taxing Entities"), Appellants HYDROGEO, LLC AND FIRST BANK & TRUST EAST TEXAS,  (hereinafter referred to as "Hydrogeo") offer the following argument.

Regarding Issue number 1 relating to the improperly admitted Exhibit "A", Taxing Entities concede the document in question was not produced prior to trial, and apparently concede their failure to produce violated Texas Rules of Civil Procedure 193.6. They also acknowledge the plain language of the Rule requires exclusion, but nevertheless they argue the trial court's admission of Exhibit "A" was proper because there was good cause or because its admission did not cause unfair surprise to Hydrogeo.  Appellees' Brief at 8-10.

Contrary to Taxing Entities' statements to the trial court and in their Brief, Exhibit "A" did not consist only of updated tax statements of previously produced documents.  Exhibit "A" contains seven pages, two of which (p. 4 and 7) were never produced by Taxing Entities.  Significantly, those two pages were emphasized by Taxing Entities during the trial, and in Appellee's Brief at p.15.  Because at least a portion of the documents was never produced, and because Taxing Entities'

1

intentional withholding of the applicable documents caused Appellants to be at a disadvantage during trial, Taxing Entities are unable to carry their burden of proving a lack of unfair surprise.

Along those same lines, Taxing Entities wholly fail to show good cause for their refusal to supply the documents prior to trial. In order to prevail on this exception, they must show in the record some legitimate reason explaining their failure to comply with Rule 193.6. Since Exhibit "A" shows Appellees had these documents in their possession seventeen days prior to trial, but still chose not to produce them, good cause does not exist. The improperly admitted Exhibit "A" constitutes the only evidence offered by Taxing Entities at trial. Without it, their claims must fail as a matter of law. The trial court's decision to admit this document in contravention of Rule 193.6 caused it to render an improper judgment, which should be reversed and rendered.

Regarding Issue Number 2, Appellees apparently concede they had no right to foreclose Hydrogeo's personalty, but argue that since the Judgment forecloses on only real property, Hydrogeo's arguments are neither "relevant nor applicable". Brief p. 17. Hydrogeo has shown that Taxing Entities are required to tax the personalty and realty separately, and in this case, should have segregated the portion of the alleged tax lien which was unenforceable. Contrary to Taxing Entities'

2

representations, they did tax some of Hydrogeo's personalty, at least according to their own records.

Since at least a portion of the foreclosed tax lien originates from taxes on Hydrogeo's personalty, which apparently Appellees acknowledge was unenforceable, the trial court was required to segregate that portion of the lien from the realty. Taxing Entities offered no evidence allowing the trial court to segregate the lien. The trial court's decision to render the entire lien enforceable was error.

## ARGUMENT

## ISSUE NO. 1

**Did the trial court commit reversible error by admitting Plaintiffs' Exhibit "A" into evidence when the document had not been timely produced prior to trial, and when Taxing Entities failed to show good cause for its failure to timely supplement discovery responses.**

Appellees miss the point of this issue. Part of the disagreement arises from Taxing Entities' misunderstanding of their violation of Rule 193.6. Hydrogeo's discovery request was not a request for disclosure as referenced in Appellees' Brief and as dealt with in the case relied upon by Appellees. Hydrogeo sent a request for production of documents specifically asking for copies of "each and every tangible piece of evidence you plan to use at the trial of this cause". 2 R.R. p. 8, line 21 – p. 9, line 1. A request for disclosure seeks information, not documents. A request for production seeks specific documents, in this case all documents to be used as

3

evidence at trial. Taxing Entities' failure to provide these documents negatively impacted Hydrogeo's trial preparation and presentation. As stated in Rule 193.1, "when responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party."

Taxing Entities, without question failed to comply with Rule 193.1 in that they did not produce the evidence they intended to offer at trial. They admit as much in their Brief. Additionally, Taxing Entities failed to offer any basis for good cause explaining why the documents in question were not produced prior to trial, instead focusing primarily on the defense of lack of unfair surprise. As a reminder, the burden of establishing lack of unfair surprise rests with Appellees, as the party offering the discovery, and such proof must be supported by the record. Rule 193.6 (b).

Taxing Entities use as their foundational defense the case of *Williams vs. County of Dallas* 194 S.W.3d 29, 33 (Tex. App.—Dallas 2006 pet den'd), a case distinguishable on several important grounds. First, *Williams* dealt with a request for disclosure which only asks for information. Our request required production of all evidence you intend to offer at trial. Hydrogeo had no way to know ahead of time what documents Appellees planned to introduce as evidence, or whether Appellees planned to use any, all or none of the documents previously produced in discovery. The purpose of generating a request for production such as the one at

issue here is to determine what documents will be considered by the Court and to properly prepare responses, cross examination and rebuttal, if needed, of any documents presented. By intentionally withholding the requested documents, Appellees sought, and eventually were allowed, an unfair advantage.

Also, in the *Williams* case, the trial court conducted an examination comparing the information offered as evidence with the information previously produced by the offering party. In our case, the trial court never conducted such an examination.

By its nature, a failure to produce a document introduced at trial constitutes some surprise. Appellees argue that their discovery responses, which were improperly filed with the district clerk, prevent Hydrogeo from being surprised by the Exhibit "A" which was offered into evidence. Appellees' Brief at 10-12. There is no evidence in the record that the trial court had access to, or consulted the district clerk's file prior to admitting Exhibit "A".

Moreover, at least two of the documents, pages 4 and 7 of Exhibit "A", were never produced in discovery or as an exhibit to pleadings. Significantly, those two documents constitute the foundation of Appellees' argument on appeal, as well as during the testimony of Carol Taylor, Wood County Tax Assessor. Appellees' Brief at 15 and R.R. Volume 2, p. 80, line 4-11 and p.85, line 24 - P. 86, line 6. These two documents are significant, in that they were used by Taxing Entities to connect

Hydrogeo as the record owner of the specific leases in question and as the owner of specific percentages of the interest involved for the years 2009 - 2011. Appellees' Brief at 15 and R.R. Volume 2, p. 83, line 21-p. 84, line 5. But for the trial court's improper decision to admit pages 4 and 7 of Exhibit "A", Taxing Entities had no documentation showing Hydrogeo as the subsequent owner of specific lease I.D. number N366491 and I.D. number N366493. Since ownership of the lease was a contested issue, to allow this improper evidence to be admitted led to an improper judgment. Even if Hydrogeo's subsequent testimony acknowledged current ownership, there was no connection of Hydrogeo to the specific tax ID numbers. Appellees would not have been successful without relying on the rebuttable presumption created by the introduction of Exhibit "A".

As stated in *Lopez vs. La Madeleine of Texas, Inc.,* 200 S.W.3d. 854, (Tex App. —Dallas 2006, no pet.), Rule 193.6 is mandatory and the penalty is automatic, absent a showing of good cause and/or unfair surprise. Rule 193.6 relates to the discovery of evidence, not the issues. Its principle purpose is to protect a party from surprise, whether or not such evidence relates to an issue both parties knew existed in the case. As the Court stated, "we are concerned not only with whether or not [Lopez] should have prevailed, but also the effect of opponents' introduction of the undisclosed evidence on his preparation for trial and presentation of his case, both of which were undeniably impacted by the trial court's decision to admit the

6

evidence." *Id.* The *Lopez* court further states that it is not necessary for the complaining party to prove that "but for" the exclusion of the evidence, a different judgment would necessarily have resulted. They are only required to show that the exclusion of evidence probably resulted in the rendition of an improper judgment. In short, Appellees failed to show lack of unfair surprise.

## GOOD CAUSE DOES NOT EXIST

Appellees also argue there is an "implied" finding of good cause, despite the plain wording of Rule 193.6 which states that a finding of good cause must be (explicitly) supported by the record. Appellees' Brief at 10-12. The Supreme Court in *Alvarado v. Farah Mfg. Co.,* 830 S.W. 2d 911, 914 (Tex. 1992), states "the good cause exception permits the trial court to excuse a failure to comply with discovery in **difficult or impossible circumstances**" (emphasis added). The Rule as interpreted by the Supreme Court requires Taxing Entities to offer evidence as to why complying with the Rule was difficult or impossible. A review of Exhibit "A" shows the documents were generated and printed on "August 22, 2014 at 11:43 a.m.". Appendix A. Since the trial did not take place until September 8th, the documents themselves prove they existed and were in the Taxing Entities' possession seventeen days prior to trial. Therefore any attempt to show good cause rings hollow.

## COURT'S ERROR CAUSED IMPROPER JUDGMENT

Pursuant to Rule 44.4, Texas Rules of Appellant Procedure, no judgment may be reversed on appeal unless the error complained of probably caused rendition of an improper judgment. Appellee argues there was testimony to support the Judgment, even if Exhibit "A" had not been admitted. Appellees' Brief at 15. Contrary to Appellees' argument, all of the testimony cited was simply the tax assessor reading Exhibit "A" itself verbatim. R.R. Volume 2, p. 79, line 8 – 13; p. 80, line 4-11; and p. 85, line 24-p.86, line 6. Simply stated, Taxing Entities must stand or fall on the information and alleged presumption represented by the documents referred to as Exhibit "A". If they were improperly admitted, their case fails due to a lack of any evidence to support the trial court's judgment.

The test is whether the trial court acted without reference to any guiding rules or principals, or arbitrarily or unreasonably. *Perry Homes v. Cull*, 258 S.W. 3d 580, 602 (Tex. 2008). As stated by the Supreme Court in *Alvarado*, Rule 193.6 is mandatory and the trial court has no discretion to admit testimony excluded by the Rule without a showing of good cause. *Id.* Since there was no other admissible evidence offered at trial by Taxing Entities, and the Exhibit "A" described herein should not have been admitted, and the testimony of Ms. Taylor was simply recitation of the data referenced in Exhibit "A", the Taxing Entities are not entitled to the legal presumption created by Section 33.47(a) Tax Code. Therefore, there is

8

no evidence to support the trial court's judgment in favor of the Taxing Entities. As such, the trial court's judgment should be reversed and rendered.

## ISSUE NO. 2

**Did the trial court err by holding Taxing Entities' entire alleged tax lien enforceable against Hydrogeo, LLC, and First Bank & Trust East Texas when Taxing Entities failed to segregate that portion of the lien which was unenforceable against Hydrogeo.**

## TAXES WERE ASSESSED ON BOTH REAL AND PERSONAL PROPERTY

It should be pointed out that if this Court of Appeals upholds Appellants' position on Issue No. 1, then this issue becomes moot because the only evidence offered by Taxing Entities attempting to prove their case comes from either the improperly admitted Exhibit "A" or from witnesses reading information from Exhibit "A".

Appellees concede in their Brief they had no right to foreclose on Hydrogeo's personalty, but argue that no personalty was included in this lawsuit and foreclosure. Appellees' Brief at 16-17. Taxing Entities misunderstand how oil and gas properties are described. A description of the leasehold estate as mentioned in Plaintiffs' Second Amended Petition includes oil and gas in place, but also includes the personalty necessary to produce, store and transport the oil and gas. C.R. Volume 3

9

Exhibit #1. The Black Diamond Exhibit 1 is an assignment describing the leases in question, and states that the lease includes "all tangible personalty, property, equipment, …" *Id.*

As stated in a 1997 Texas Attorney General Opinion, "irrespective of whether production equipment is real or personal property it must be appraised separately from its corresponding mineral leasehold interest. Opinion No. DM-438, May 2, 1997. As the Opinion also recognizes, the classification of property as real or personal is material to such matters as the statute of limitations because the statute treats real and personal property differently. Texas Tax Code Annotated §33.05 (Vernon 1992).

Contrary to their Brief, Taxing Entities did appraise and tax at least some of the personal property existing on the leases made the basis of this lawsuit. According to its 2011 Tax Statement (C.R. Vol. 3, Exhibit HB-10), the I.E. Robinson Lease is appraised at $340,070. A review of C.R. Vol. 1, page 137, which is Pritchard and Abbott's appraisal sheet for the year 2011 on the I.E. Robinson Lease, the appraised value for the leasehold shows a specific amount credited to "equipment value", which constitutes a part of the $340,070 total appraised value. In other words, at least a portion of the appraised value upon which the taxes were rendered on the I.E. Robinson Lease, and upon which the Taxing Entities rely for their tax lien, comes from the personalty.

While the actual appraised amount for the equipment is not determinative, it is evidence in the record disputing Taxing Entities' claim that they did not tax or foreclose on Hydrogeo's personalty. Assuming a portion of the alleged tax lien consisted of taxes for personalty, it was incumbent on Taxing Entities to segregate that portion of the alleged lien that was unenforceable. Since they made no attempt to distinguish between the enforceable part and the unenforceable part, the trial court had no evidence to support a judgment allowing foreclosure of the entire tax lien.

In our case, Hydrogeo, because of the undisputed evidence offered at trial, is exempt from having any lien foreclosed on its personalty. Tex. Tax Code Ann. §32.03, (Vernon 1992). Since Hydrogeo filed a verified denial contesting ownership of the property during the applicable years in question and questioning the sufficiency of the lien on the property, both real and personal, the burden of proof to plead and prove all the elements of Taxing Entities' claims shifted to them.

For the reasons shown in Appellants' Brief, Taxing Entities were required to prove how much of their underlying tax lien was enforceable. Since the amount of the debt was not proved, the underlying lien which was supported by the debt failed also. The burden of proof belonged to Taxing Entities as plaintiffs and they failed to carry the burden. Thus, it was error for the trial court to hold that the entire tax lien was enforceable.

11

## CONCLUSION

As shown herein, the one piece of evidence offered by Taxing Entities was improperly admitted because it had not been provided to opponents prior to trial and because no effort was made by Taxing Entities to prove good cause allowing its admission. By definition, as the one document proffered by Taxing Entities, the trial court's error was harmful. The only document relied upon by Taxing Entities was improperly admitted.

Even if it should have had been admitted, Exhibit "A" failed to segregate the amount of taxes assessed for personalty. Segregating the portion of taxes assessed for personalty was essential because the amount of the tax lien was unenforceable against a buyer in the ordinary course of business, such as Hydrogeo. The evidence cannot support Taxing Entities' desire to foreclose on the entire claimed lien on the two oil and gas leases in question. The trial court's judgment therefore should be reversed and rendered.

## PRAYER

Wherefore premises considered, the Court should reverse the trial court's judgment, and render judgment in favor of Appellants Hydrogeo, LLC and First Bank and Trust East Texas and hold that the Taxing Entities take nothing against Appellants.

Respectfully submitted,

 /s/ J. Don Westbrook
J. Don Westbrook
Texas Bar No. 21215500
COGHLAN CROWSON, L.L.P.
1127 Judson Road, Ste. 211
Longview, Texas 75605
(903) 758-5543
(903) 753-6989 Facsimile
email: dwestbrook@ccfww.com
Attorneys for Appellants Hydrogeo, LLC
and First Bank & Trust East Texas

## CERTIFICATE OF COMPLIANCE

Counsel certifies that this reply brief contains, as counted by Microsoft Word, 2934 words.  It was typed in 14-point Times New Roman.

Dated: August 11, 2015

/s/ J. Don Westbrook
J. Don Westbrook

13

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Brief of Appellants has been served on all counsel of record in this appeal in accordance with the Texas Rules of Appellate Procedure on August 11, 2015.

/s/ J. Don Westbrook
J. Don Westbrook

# Index of Appendices

A.    Plaintiffs' Exhibit "A", Certified Copy of Tax Records, dated August 22, 2014 (7 pages).

# Appendix A

## CERTIFIED COPY OF TAX RECORDS
## FOR
## QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER SABINE
## WASTE DISPOSAL DISTRICT AND WOOD COUNTY CENTRAL HOSPITAL DISTRICT

### SUIT NO. T-3625

### QUITMAN INDEPENDENT SCHOOL DISTRICT, ET AL VS. BLACK DIAMOND
### OPERATING CO LLC, ET AL

| | |
|---|---|
| **THE STATE OF TEXAS** | **X** |
| **WOOD COUNTY** | **X** |

I hereby certify that the following exhibit (ensuing page(s)) is a true and correct copy of entries in the tax records of my office. The penalty and interest amounts were calculated according to Section 33.01 and 33.07 of the Texas Property Tax Code.

In testimony whereof, witness my hand and seal of office this _22nd_ day of _August_, 20_14_.

---

Carol Taylor
Tax Assessor-Collector and Custodian of the Tax Records for: QUITMAN INDEPENDENT SCHOOL DISTRICT, WOOD COUNTY, UPPER SABINE WASTE DISPOSAL DISTRICT and WOOD COUNTY CENTRAL HOSPITAL DISTRICT

By: _Terry Pennington_
Deputy

## EXHIBIT "A"

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261   Fax: (903)763-5753

Property:           0154550-0001055-5-RI
Quick Ref ID:       N355851
Owner:              BLACK DIAMOND OPERATING CO LLC
Legal Description:  0.833335 0154550 WHITE DENTON BLACK
                    DIAMOND OPER RI (ROYALTY INTEREST)

BLACK DIAMOND OPERATING CO LLC
4420 VALLEY RANCH RD
LONGVIEW, TX 75602-6671

| Tax Bill (Effective Date: 09/15/2014) | | | Balance Due if Paid By September 30, 2014: | | | | | 29,131.29 |
|---|---|---|---|---|---|---|---|---|
| Bill | | Levy | | | Disc/Credi | | | |
| | Levy | Balance | P & I | Atty Fees | t | Date Paid | Amt Paid | Balance |
| 2009 | | | | | | | | |
| Quitman Isd | 10,679.32 | 10,305.12 | 7,082.29 | 2,664.25 | 0.00 | 09/22/2010 | 516.38 | 19,909.48 |
| Waste Disposal District | 169.36 | 163.42 | 112.33 | 42.24 | 0.00 | 09/22/2010 | 8.20 | 315.73 |
| Wood County | 4,375.23 | 4,221.93 | 2,901.57 | 1,455.37 | 0.00 | 09/22/2010 | 220.76 | 8,511.41 |
| Wood County Central | 211.70 | 204.28 | 140.39 | 52.82 | 0.00 | 09/22/2010 | 10.24 | 394.67 |
| Totals | 15,435.61 | 14,894.75 | 10,236.58 | 4,214.68 | 0.00 | | 755.58 | 29,131.29 |
| Totals | 15,435.61 | 14,894.75 | 10,236.58 | 4,214.68 | 0.00 | | 755.58 | 29,131.29 |

Balance Due if Paid By September 30, 2014:          29,131.29

| Pay By | Total Due |
|---|---|
| October 31, 2014 | 29,304.68 |
| November 30, 2014 | 29,478.09 |
| December 31, 2014 | 29,651.50 |

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261   Fax: (903)763-5753

| | |
|---|---|
| Property: | 0154550-0715543-WI |
| Quick Ref ID: | N357528 |
| Owner: | RHEATA RESOURCES LLC |
| Legal Description: | 0.833335 0154550 WHITE DENTON BLACK DIAMOND OPER WI |

RHEATA RESOURCES LLC
PO BOX 921
KILGORE, TX 75663

### Tax Bill (Effective Date: 09/10/2014) — Balance Due if Paid By September 30, 2014: 22,099.47

| Bill | Levy | Levy Balance | P & I | Atty Fees | Disc/Credit | Date Paid | Amt Paid | Balance |
|---|---|---|---|---|---|---|---|---|
| **2010** | | | | | | | | |
| Quitman Isd | 5,309.68 | 5,309.68 | 2,973.42 | 1,242.47 | 0.00 | | 0.00 | 9,525.57 |
| Waste Disposal District | 89.10 | 89.10 | 49.89 | 20.85 | 0.00 | | 0.00 | 159.84 |
| Wood County | 2,415.20 | 2,415.20 | 1,352.51 | 753.54 | 0.00 | | 0.00 | 4,521.25 |
| Wood County Central | 104.58 | 104.58 | 58.57 | 24.47 | 0.00 | | 0.00 | 187.62 |
| Totals | 7,918.56 | 7,918.56 | 4,434.39 | 2,041.33 | 0.00 | | 0.00 | 14,394.28 |
| **2011** | | | | | | | | |
| Quitman Isd | 3,070.38 | 3,070.38 | 1,350.97 | 663.20 | 0.00 | | 0.00 | 5,084.55 |
| Waste Disposal District | 53.48 | 53.48 | 23.53 | 11.55 | 0.00 | | 0.00 | 88.56 |
| Wood County | 1,405.18 | 1,405.18 | 618.28 | 404.69 | 0.00 | | 0.00 | 2,428.15 |
| Wood County Central | 62.76 | 62.76 | 27.61 | 13.56 | 0.00 | | 0.00 | 103.93 |
| Totals | 4,591.80 | 4,591.80 | 2,020.39 | 1,093.00 | 0.00 | | 0.00 | 7,705.19 |
| **Totals** | 12,510.36 | 12,510.36 | 6,454.78 | 3,134.33 | 0.00 | | 0.00 | 22,099.47 |

Balance Due if Paid By September 30, 2014:     22,099.47

| Pay By | Total Due |
|---|---|
| October 31, 2014 | 22,245.25 |
| November 30, 2014 | 22,391.03 |
| December 31, 2014 | 22,536.79 |

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261   Fax: (903)763-5753

| | |
|---|---|
| Property: | 0154550-0716237-WI |
| Quick Ref ID: | N366493 |
| Owner: | HYDROGEO LLC |
| Legal Description: | 0.833335 0154550 WHITE DENTON HYDROGEO LLC WI |

HYDROGEO LLC
PO BOX 921
KILGORE, TX 75663

| Tax Bill (Effective Date: 08/22/2014) | | | | Balance Due if Paid By August 31, 2014: | | | | | 0.00 |
|---|---|---|---|---|---|---|---|---|---|
| **Bill** | Levy | Levy Balance | P & I | Atty Fees | Disc/Credit | Date Paid | Amt Paid | Balance |
| **2012** | | | | | | | | |
| Quitman Isd | 473.88 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 473.88 | 0.00 |
| Waste Disposal District | 8.12 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 8.12 | 0.00 |
| Wood County | 213.14 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 213.14 | 0.00 |
| Wood County Central | 8.88 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 8.88 | 0.00 |
| Totals | 704.02 | 0.00 | 0.00 | 0.00 | 0.00 | | 704.02 | 0.00 |
| **2013** | | | | | | | | |
| Quitman Isd | 3,086.91 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 3,086.91 | 0.00 |
| Waste Disposal District | 53.67 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 53.67 | 0.00 |
| Wood County | 1,394.67 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 1,394.67 | 0.00 |
| Wood County Central | 56.18 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 56.18 | 0.00 |
| Totals | 4,591.43 | 0.00 | 0.00 | 0.00 | 0.00 | | 4,591.43 | 0.00 |
| **Totals** | **5,295.45** | **0.00** | **0.00** | **0.00** | **0.00** | | **5,295.45** | **0.00** |

Balance Due if Paid By August 31, 2014:      0.00

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261  Fax: (903)763-5753

| | |
|---|---|
| Property: | 0133400-0713907-WI |
| Quick Ref ID: | N310883 |
| Owner: | BLACK DIAMOND OPERATING CO LLC |
| Legal Description: | 0.875000 0133400 ROBINSON I E BLACK DIAMOND OPER WI |

BLACK DIAMOND OPERATING CO LLC
4420 VALLEY RANCH RD
LONGVIEW, TX 75602-6671

| Tax Bill (Effective Date: 09/23/2014) | | | | | Balance Due if Paid By September 30, 2014: | | | 9,423.15 |

| Bill | Levy | Levy Balance | P & I | Atty Fees | Disc/Credit | Date Paid | Amt Paid | Balance |
|---|---|---|---|---|---|---|---|---|
| **2007** | | | | | | | | |
| Quitman Isd | 5,187.91 | 0.00 | 933.82 | 918.26 | 0.00 | 07/22/2008 | 7,039.99 | 0.00 |
| Waste Disposal District | 77.36 | 0.00 | 18.84 | 14.41 | 0.00 | 05/21/2009 | 110.61 | 0.00 |
| Wood County | 2,138.87 | 0.00 | 520.67 | 531.91 | 0.00 | 05/21/2009 | 3,191.45 | 0.00 |
| Wood County Central | 112.40 | 0.00 | 27.35 | 20.98 | 0.00 | 05/21/2009 | 160.73 | 0.00 |
| Totals | 7,516.54 | 0.00 | 1,500.68 | 1,485.56 | 0.00 | | 10,502.78 | 0.00 |
| **2008** | | | | | | | | |
| Quitman Isd | 92.43 | 0.00 | 12.02 | 0.00 | 0.00 | 05/21/2009 | 104.45 | 0.00 |
| Waste Disposal District | 1.32 | 0.00 | 0.17 | 0.00 | 0.00 | 05/21/2009 | 1.49 | 0.00 |
| Wood County | 37.17 | 0.00 | 4.83 | 0.00 | 0.00 | 05/21/2009 | 42.00 | 0.00 |
| Wood County Central | 1.78 | 0.00 | 0.23 | 0.00 | 0.00 | 05/21/2009 | 2.01 | 0.00 |
| Totals | 132.70 | 0.00 | 17.25 | 0.00 | 0.00 | | 149.95 | 0.00 |
| **2009** | | | | | | | | |
| Quitman Isd | 3,704.18 | 3,333.42 | 2,338.38 | 906.37 | 0.00 | 09/22/2010 | 508.76 | 6,440.17 |
| Waste Disposal District | 58.74 | 52.86 | 37.07 | 14.37 | 0.00 | 09/22/2010 | 8.06 | 102.12 |
| Wood County | 1,517.57 | 1,365.67 | 958.02 | 495.12 | 0.00 | 09/22/2010 | 217.51 | 2,753.20 |
| Wood County Central | 73.43 | 66.08 | 46.35 | 17.97 | 0.00 | 09/22/2010 | 10.09 | 127.66 |
| Totals | 5,353.92 | 4,818.03 | 3,379.82 | 1,433.83 | 0.00 | | 744.42 | 9,423.15 |
| **Totals** | 13,003.16 | 4,818.03 | 4,897.75 | 2,919.39 | 0.00 | | 11,397.15 | 9,423.15 |

Balance Due if Paid By September 30, 2014: 9,423.15

| Pay By | Total Due |
|---|---|
| October 31, 2014 | 9,479.25 |
| November 30, 2014 | 9,535.33 |
| December 31, 2014 | 9,591.43 |

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261   Fax: (903)763-5753

Property:          0133400-0715543-WI
Quick Ref ID:      N357525
Owner:             RHEATA RESOURCES LLC
Legal Description: 0.875000 0133400 ROBINSON I E BLACK
                   DIAMOND OPER WI

RHEATA RESOURCES LLC
PO BOX 921
KILGORE, TX 75663

| Tax Bill (Effective Date: 09/10/2014) | | | Balance Due if Paid By September 30, 2014: | | | | | 21,750.06 |
|---|---|---|---|---|---|---|---|---|
| Bill | Levy | Levy Balance | P & I | Atty Fees | Disc/Credit | Date Paid | Amt Paid | Balance |
| **2010** | | | | | | | | |
| Quitman Isd | 4,480.57 | 4,480.57 | 2,509.11 | 1,048.45 | 0.00 | | 0.00 | 8,038.13 |
| Waste Disposal District | 75.19 | 75.19 | 42.10 | 17.59 | 0.00 | | 0.00 | 134.88 |
| Wood County | 2,038.06 | 2,038.06 | 1,141.32 | 635.88 | 0.00 | | 0.00 | 3,815.26 |
| Wood County Central | 88.25 | 88.25 | 49.42 | 20.65 | 0.00 | | 0.00 | 158.32 |
| Totals | 6,682.07 | 6,682.07 | 3,741.95 | 1,722.57 | 0.00 | | 0.00 | 12,146.59 |
| **2011** | | | | | | | | |
| Quitman Isd | 3,826.81 | 3,826.81 | 1,683.80 | 826.59 | 0.00 | | 0.00 | 6,337.20 |
| Waste Disposal District | 66.65 | 66.65 | 29.33 | 14.40 | 0.00 | | 0.00 | 110.38 |
| Wood County | 1,751.36 | 1,751.36 | 770.60 | 504.39 | 0.00 | | 0.00 | 3,026.35 |
| Wood County Central | 78.22 | 78.22 | 34.42 | 16.90 | 0.00 | | 0.00 | 129.54 |
| Totals | 5,723.04 | 5,723.04 | 2,518.15 | 1,362.28 | 0.00 | | 0.00 | 9,603.47 |
| **Totals** | 12,405.11 | 12,405.11 | 6,260.10 | 3,084.85 | 0.00 | | 0.00 | 21,750.06 |

Balance Due if Paid By September 30, 2014:          21,750.06

| Pay By | Total Due |
|---|---|
| October 31, 2014 | 21,894.61 |
| November 30, 2014 | 22,039.17 |
| December 31, 2014 | 22,183.73 |

# Account Summary

Carol Taylor, Tax Collector
Wood County Tax Office
P.O. BOX 1919
Quitman, TX 75783
Ph: (903)763-2261   Fax: (903)763-5753

| | |
|---|---|
| Property: | 0133400-0716237-WI |
| Quick Ref ID: | N366491 |
| Owner: | HYDROGEO LLC |
| Legal Description: | 0.875000 0133400 ROBINSON I E HYDROGEO LLC WI |

HYDROGEO LLC
PO BOX 921
KILGORE, TX 75663

**Tax Bill (Effective Date: 08/22/2014)**          **Balance Due if Paid By August 31, 2014:**          **0.00**

| Bill | Levy | Levy Balance | P & I | Atty Fees | Disc/Credit | Date Paid | Amt Paid | Balance |
|---|---|---|---|---|---|---|---|---|
| **2012** | | | | | | | | |
| Quitman Isd | 1,376.69 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 1,376.69 | 0.00 |
| Waste Disposal District | 23.58 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 23.58 | 0.00 |
| Wood County | 619.20 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 619.20 | 0.00 |
| Wood County Central | 25.81 | 0.00 | 0.00 | 0.00 | 0.00 | 01/03/2013 | 25.81 | 0.00 |
| Totals | 2,045.28 | 0.00 | 0.00 | 0.00 | 0.00 | | 2,045.28 | 0.00 |
| **2013** | | | | | | | | |
| Quitman Isd | 4,142.30 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 4,142.30 | 0.00 |
| Waste Disposal District | 72.02 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 72.02 | 0.00 |
| Wood County | 1,871.50 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 1,871.50 | 0.00 |
| Wood County Central | 75.38 | 0.00 | 0.00 | 0.00 | 0.00 | 02/06/2014 | 75.38 | 0.00 |
| Totals | 6,161.20 | 0.00 | 0.00 | 0.00 | 0.00 | | 6,161.20 | 0.00 |
| **Totals** | **8,206.48** | **0.00** | **0.00** | **0.00** | **0.00** | | **8,206.48** | **0.00** |

**Balance Due if Paid By August 31, 2014:**          **0.00**